Wood v. Gruble.

R. W. WOOD, *et al.,* v. MARY GRUBLE, *et al.*

TAXES, *Not Adjudged a Lien on Lot.* Where taxes are paid by a party upon real estate claimed by him by purchase at sheriff's sale under an execution issued upon a void judgment, and thereafter he brings an action in the district court for the recovery of the real estate, and in such action the defendant is adjudged the owner of the premises in controversy and the plaintiff is defeated, such plaintiff is not entitled, under §149, ch. 107, Comp. Laws of 1879, to have the taxes paid by him prior to the commencement of this action adjudged a lien on the real estate.

*Error from Wyandotte District Court.*

ACTION by *Wood* and another against *Gruble* and another, to recover lot 6, in block 154, in Wyandotte city.

Trial at the April Term, 1883, and judgment for defendants. The plaintiffs bring the case here. The facts are stated in the opinion.

*D. B. Hadley,* for plaintiffs in error.

*Nathan Cree,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially these: On March 13, 1872, a judgment was rendered in favor of A. H. Sours against M. F. Schwartz as principal and George Gruble as surety, for $907.35, in the district court of Wyandotte county. Afterward the judgment became dormant. On Deccember 24, 1877, a pretended judgment of revivor was rendered at chambers; in January, 1878, there was made upon the judgment $696.12; this sum was made upon an execution issued upon the said pretended revivor, which revivor was wholly void; upon this execution the goods of George Gruble were seized, and sold for $855.22; on April 10, 1880, another pretended judgment of revivor was entered for $681.80, against George Gruble alone; an execution was issued on this pretended revived judgment, and lot 6, in block 154, in Wyandotte city, in this state, was levied upon, advertised, and sold on July 6, 1880, as the property of George Gruble, to one D. B. Hadley, for $167, which sum, after paying the costs up to that date of $31.70, was credited upon the judgment. Hadley bid in the lot, as attorney for Sours, and by an arrangement between him and Sours, conveyed the premises to the plaintiffs by deed of general warranty. On May 23, 1881, the plaintiffs commenced an action against the defendants for the recovery of this real estate, but judgment was rendered against them, the court deciding that the pretended judgment of revivor, made on the 10th of April, 1880, was void. Thereupon the plaintiffs filed a motion asking the court to adjudge that the taxes paid by their grantor, to wit, the sum of $151, with 12 per cent. interest thereon, be adjudged a lien upon the lot, and in default of payment thereof, that the lot be sold to

satisfy the taxes, interest and costs. The court denied the motion, and the plaintiffs complain of this ruling. They contend that as the court adjudged Mary Gruble, one of the defendants, to be the owner of the premises in controversy, that they were entitled to have an order entered making the taxes paid a lien on the lot.

Section 149, page 969, Comp. Laws of 1879, is referred to. This section reads:

"In case taxes are paid by any party whose lands are in controversy in any of the courts of this state, and the party so paying shall fail to recover said land, he shall be entitled to collect from the parties recovering the taxes so paid, with 12 per cent. interest thereon, and the taxes so paid shall be a lien on any such land."

This section is not applicable. The taxes sought to be made a lien were paid November 22, 1880; at that time the lot was not "in controversy in any of the courts of this state." The statute prescribes a special remedy, and a person attempting to avail himself of it must bring his case within its very terms to succeed. 

The ruling and judgment of the district court must therefore be affirmed.

All the Justices concurring.